Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TALIA WAGNER, an individual, THOMAS WAGNER, an individual;<br><br>Plaintiffs;<br><br>v.<br><br>SYNCHRONY BANK, a national banking association; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation;<br><br>Defendants. | Case No.: 2:20-cv-01596<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY DEMAND** |

Plaintiffs, Talia Wagner and Thomas Wagner ("Plaintiffs"), by and through their attorney of record, Kevin L. Hernandez, Esq. of the Law Office of Kevin L. Hernandez, and for their claims for relief against Defendants, Synchrony Bank ("Synchrony") and Experian Information Solutions, Inc. ("Experian") complain and allege as follows:

## JURISDICTION AND VENUE

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because, at all relevant times, Plaintiffs and Defendants resided and/or conducted business in the District of Nevada.

4. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

5. Plaintiffs reside in the State of Nevada.

6. Plaintiffs are "consumers" under 15 U.S.C. 1681a(c).

7. Synchrony is a national banking association doing business in the State of Nevada.

8. Synchrony regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiffs, to the national consumer reporting agencies, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b).

9. Experian is a foreign corporation doing business in the State of Nevada.

10. Experian is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

11. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

12. Experian disburses said consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. Plaintiffs reincorporates by reference all preceding paragraphs as if fully set forth below.

14. Plaintiffs incurred a motorcycle loan with Synchrony Bank on August 27, 2016 (the "Debt").

15. Synchrony Bank transferred the Debt to LVNV Funding, LLC ("LVNV") after it became delinquent.

16. LVNV hired Resurgent Capital Services, L.P. ("Resurgent") and Tate & Kirlin Associates, Inc. ("Tate & Kirlin") to service the Debt.

17. On December 20, 2019, Plaintiffs paid Tate & Kirlin to resolve the Debt in full and satisfy the lien held by LVNV.

18. Despite the December 2019 settlement, Synchrony continues to report a delinquent balance due and owing with inaccurate charge off reporting.

19. On or about January 2019, Plaintiffs obtained copies of their Experian credit reports and became aware that Defendants were reporting the following inaccurate information concerning Synchrony Bank/Yamaha – Account # 1200XXXX:

- Balance: $12,487
- Account charged off. $12,487 written off.
- "CO" charge off notations from January 2019 through Present.

20. In January 2019, September 2019, November 2019, December 2019, and May 2020, Plaintiffs submitted online disputes to Experian regarding the inaccurate reporting of the Account.

21. On information and belief, Experian submitted Plaintiffs' disputes to Synchrony for investigation.

22. Defendants failed to fully correct the inaccuracies in Plaintiffs' credit reports within thirty (30) days of receipt of Plaintiffs' online disputes.

23. Upon receipt of Plaintiffs' disputes of the inaccurate information, Defendants failed to evaluate or consider any of Plaintiffs' information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiffs' credit reports.

24. Defendants failed to conduct a lawful investigation of the disputed account information on Plaintiffs' credit reports.

25. In failing to delete the inaccurate information, Defendants continued to report erroneous information in violation of the FCRA.

26. In failing to correct the inaccurate information, Defendants provided misleading information on Plaintiffs' credit reports in violation of the FCRA.

27. Defendants' erroneous reporting continues to affect Plaintiffs' creditworthiness and credit score negatively.

Law Office of Kevin L. Hernandez
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
(702) 563-4450  FAX: (702) 552-0408

28. Defendants' erroneous reporting has caused Plaintiffs to experience a loss in credit limits.

## FIRST CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681e(b) against Experian]**

29. Plaintiffs reincorporate by reference all preceding paragraphs as if fully set forth below.

30. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each publishes and maintains concerning Plaintiffs.

31. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiffs suffered, and continue to suffer, damage by loss of credit and loss of ability to purchase and benefit from credit.

32. Experian's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

33. In the alternative, Experian was negligent in the above-referenced acts and omissions, entitling Plaintiffs to recovery under 15 U.S.C. § 1681o.

34. As a direct and proximate result of the above-referenced violations by Experian, Plaintiffs are entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

35. Plaintiffs are entitled to recover costs and attorneys' fees from Defendants in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

36. Plaintiffs may have suffered damages in other ways and to other extents not presently known to Plaintiffs, and not specified in this Complaint.

37. Plaintiffs reserve the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

///

///

///

## SECOND CLAIM FOR RELIEF

**[Violation of 15 U.S.C. § 1681i against Experian]**

38. Plaintiffs reincorporate by reference all preceding paragraphs as if fully set forth below.

39. Experian violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned above-referenced inaccurate information in Plaintiffs' credit files after receiving actual notice of the inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit files, and by relying upon verification from a source it has reason to know is unreliable.

40. As a direct and proximate result of this conduct by Experian, Plaintiffs suffered, and continue to suffer, damage by loss of credit, and the loss of the ability to purchase and benefit from credit.

41. Experian's conduct was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

42. Plaintiffs' are entitled to recover costs and attorneys' fees from Experian in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

## THIRD CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681s-2(b) against Synchrony]**

43. Plaintiffs reincorporate by reference all preceding paragraphs as if fully set forth below.

44. Synchrony violated the FCRA, 15 U.S.C. § 1681s-2(b), by continuing to report the false representations within Plaintiffs' credit files with Experian; by failing to investigate Plaintiffs' disputes properly; by failing to review all relevant information regarding Plaintiffs' disputes; by failing to respond to Experian accurately; by failing to report results on Plaintiffs' credit files correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

45. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiffs suffered, and continue to suffer, damage by loss of credit, and loss of ability to purchase and benefit from credit.

46. Synchrony's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

47. In the alternative, Synchrony was negligent in the above-referenced acts and omissions, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

48. As a direct and proximate result of the above-referenced violations by Synchrony, Plaintiffs are entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

49. Plaintiffs are entitled to recover costs and attorney's fees from Synchrony in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

50. Plaintiffs may have suffered damages in other ways and to other extents not presently known to Plaintiffs, and not specified in this Complaint.

51. Plaintiffs reserve the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

52. Plaintiffs have been forced to retain the Law Office of Kevin L. Hernandez to pursue these claims and protect their legal rights and are, therefore, entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1681n or § 1681o.

**WHEREFORE,** Plaintiffs pray for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiffs for reasonable attorney's fees, costs, and interest incurred; and

///

///

///

5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: August 28, 2020

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
kevin@kevinhernandezlaw.com
***Attorney for Plaintiffs***

Law Office of Kevin L. Hernandez
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
(702) 563-4450  FAX: (702) 552-0408